# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

ROBERT L. SIMMONS,

    Plaintiff,

v.

KIM WEBB, EXECUTIVE DIRECTOR

    Defendant.

Case No. 1:20-cv-20

Black, J.
Bowman, M.J.

## REPORT AND RECOMMENDATION

On January 8, 2020, Plaintiff Robert L. Simmons tendered a *pro se* complaint, together with a motion seeking to proceed in this court *in forma pauperis*, or without payment of the requisite filing fee. (Doc. 1). By separate Order, his motion has been granted, resulting in the filing of the tendered complaint.[1]

### I. General Screening Authority

Prior to service of process, this Court must conduct a *sua sponte* review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). Although a plaintiff's *pro se* complaint must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers," the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which

---

[1] Plaintiff recently pursued another case pro se and *in forma pauperis*. Consistent with the instant case, Magistrate Judge Litkovitz has recommended the dismissal of that case for lack of subject matter jurisdiction and/or for failure to state any claim. *See Simmons v. McMullen*, Case No. 1:20-cv-001 (Doc. 4, Report and Recommendation filed 1/7/20). A third case filed by Plaintiff in 1995, at a time when he was incarcerated, also was dismissed. *See Simmons v. Lee*, Case No. 1:95-cv-300.

it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (*per curiam*) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and quotation omitted)). In addition to its obligation to screen the complaint under 28 U.S.C. §1915(e)(2), this Court must determine whether it has subject matter jurisdiction over this action.

## II. Analysis

### A. Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction.

> Federal courts are obliged to act *sua sponte* whenever a question about jurisdiction arises. *See, e.g., Ins. Corp. of Ireland, Ltd.,* 456 U.S. at 702, 102 S.Ct. 2099 (stating that "a court, including an appellate court, will raise lack of subject-matter jurisdiction on its own motion"); *St. Paul \*726 Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 287 n. 10, 58 S.Ct. 586, 82 L.Ed. 845 (1938); *Answers in Genesis, Inc. v. Creation Ministries Int'l, Ltd.,* 556 F.3d 459, 465 (6th Cir.2009) ("[F]ederal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*."). Under Rule 12(h)(3) of the Federal Rules of Civil Procedure, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

*Hayes v. Shelby Cty. Tr.*, 971 F. Supp. 2d 717, 725–26 (W.D. Tenn. 2013).

Plaintiff's complaint appears to assert the existence of federal question jurisdiction. (Doc. 1-1 at 1). Under 28 U.S.C. §1331, federal question jurisdiction exists over "all civil actions arising under the Constitution, laws, or treaties of the United States." Plaintiff submitted his complaint on a form typically used to allege violations of civil rights under 42 U.S.C. §1983. However, it does not appear that the sole individual Defendant, identified as the Executive Director of the Northern Kentucky Homeless Cold Shelter, is employed by the State of Ohio or other governmental entity, which would give rise to a civil rights claim under 42 U.S.C. §1983.

2

The only other possible basis for jurisdiction, which is not alleged by Plaintiff, would be diversity jurisdiction under 28 U.S.C. § 1332. A prerequisite for the exercise of diversity jurisdiction is the diverse citizenship of the parties. Here, however, it is apparent from the face of the complaint that Plaintiff and Defendant both reside in the Commonwealth of Kentucky.

The complaint makes clear that Plaintiff is seeking monetary compensation for lost "packages" that allegedly were misdelivered to an employee of the shelter facility for which the Defendant serves as Executive Director. Plaintiff explains that on December 20, 2019, his insurance company informed him that items that he had paid for had been delivered by a U.P.S. driver to 634 Scott Boulevard in Covington, Kentucky on December 14, 2019, where an employee by the name of "Malone" signed for the packages. The Court infers that the shelter for which the Defendant serves as Executive Director is located at the referenced address, which the undersigned further infers is physically located near Plaintiff's residence. Plaintiff alleges that he went to the shelter and requested his packages, but a "black female employee" told him that the shelter did not have his packages. The complaint recounts what happened next:

> So I said according to ("U.P.S.") driver you guys let him in and he went to the front-desk and Somebody named (Malone) signed for it, so now she tells me there's no employee by the name (Malone) that works here. So I said "Miss" my insurance company sent the packages out and (U.P.S.) is lieing [sic] right, so I shook my head and left.

(Doc. 1-2 at 3).

As relief, Plaintiff seeks reimbursement of the value of his missing items ($240) plus shipping and handling fees. Plaintiff also seeks additional monetary damages in the amount of 1 million dollars in order to hold the Defendant "responsible for the incompetence of her staff in addition to there [sic] conduct and behavior that clearly

3

showed intent." (*Id.* at 4).   In the absence of any basis for the exercise of subject matter jurisdiction, and in the alternative, based upon Plaintiff's failure to state any federal claim, this Court cannot grant Plaintiff the relief he seeks.

**III. Conclusion and Recommendation**

Accordingly, **IT IS RECOMMENDED THAT:**

1. This case be **DISMISSED WITH PREJUDICE** based upon a lack of federal jurisdiction, and for failure to state any claim under 28 U.S.C. §1915(e)(2);

2. The Court certify pursuant to 28 U.S.C. § 1915(a) that an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny Plaintiff leave to appeal *in forma pauperis*.  Plaintiff remains free to apply to proceed *in forma pauperis* in the Court of Appeals.  *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.*, 105 F.3d 274, 277 (6th Cir. 1997).

*s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

ROBERT L. SIMMONS,

    Plaintiff,

  v.

KIM WEBB, EXECUTIVE DIRECTOR

    Defendant.

Case No. 1:20-cv-20
Black, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

        *s/ Stephanie K. Bowman*
        Stephanie K. Bowman
        United States Magistrate Judge